IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OPEYEMI ODEYALE**, #60177177 | § § § § | |
| Movant, | § | |
| v. | § § | Civil Case No.: 3:23-CV-02262-L<br>Criminal Case No.: 3:20-CR-00122-L-3 |
| **UNITED STATES OF AMERICA**, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINON AND ORDER

Before the court is Movant Opeyemi Odeyale's ("Movant") Motion to Vacate, Set-aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion") (Doc. 1), filed October 3, 2023. For the reasons stated below, the court **dismisses without prejudice** this section 2255 action.

**I.   Background**

On May 16, 2022, Movant plead guilty and was sentenced to 27 months in federal prison for one count of Failure to Maintain an Effective Anti-Money Laundering Program, 31 U.S.C. §§ 5318(h) and 5322, and two counts of Prohibition of Unlicensed Money Transmitting Business, 18 U.S.C. §§ 1960(a) and (b)(1)(A). Mot. 1; *see also United States v.* Odeyale, 20-CR-122-L-3, Judgment (Doc. 287).

On October 3, 2023, Movant filed his Motion, pursuant to section 2255, and requested that the court stay this action until the Fifth Circuit Court of Appeals issued a ruling in *United States v. Ping Express U.S.*, No. 23-10360 (5th Cir.), a case raising similar issues. *See* Doc. 3 at 4. On October 11, 2023, the court issued Notice and Instructions (Doc. 2) to Movant that included the following provision: "You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." Doc. 2 at 1. On

December 19, 2023, the court denied Movant's request to stay as moot on the basis that the Fifth Circuit issued a ruling in *Ping Express* on December 5, 2023. Doc. 4. The next day, the court issued an order and instructions (Doc. 5) directing the government to respond to the Motion within sixty days. On January 3, 2024, the court was notified that its December 19 Order (Doc. 4) and December 20 Order (Doc. 5) were returned as undeliverable.

## II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Generally, a Rule 41(b) dismissal is without prejudice. But when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is more akin to a dismissal with prejudice, and the court is required to apply a higher standard of review. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). When the litigant may be barred from re-asserting his claims due to the statute of limitations, the court may dismiss the action for want of prosecution only when there is a clear record of delay or willfully disobedient conduct, lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191. When applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] [movant] himself and not his attorney; (2) actual prejudice to the [respondent]; or (3) delay caused by intentional conduct.'" *Id.*; *see Nottingham v. Warden, Bill*

*Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same standard in a prisoner civil rights action); *United States v. Bevill*, No. 18-10708, 2021 WL 4995478, at *2 (5th Cir. Oct. 27, 2021) (per curiam) (same standard in a section 2255 action).

In this case, judgment was entered in Movant's criminal case on May 17, 2022. He did not file a direct appeal, and the time for doing so expired on May 31, 2022. *See* Fed. R. App. P. 4(b)(1)(A) ("A defendant's notice of appeal in a criminal case must be filed in the district court within 14 days after the entry of judgment."). Thus, Movant's Motion would now be time barred if he attempted to refile it, and this would essentially render any dismissal as one with prejudice. *See* 28 U.S.C. § 2255(f)(1). Therefore, the court can dismiss Movant's Motion under Rule 41(b) only after applying the higher standard and finding at least one aggravating factor. *See Berry*, 975 F.2d at 1191.

In this case, there is at least one aggravating factor. Specifically, Movant's failure to obey a court order and prosecute this case by not keeping his mailing address updated, and there is no indication from the record anyone else is at fault because Movant is not represented by counsel. As discussed, on October 11, 2023, the court issued instructions to Movant, and it included directions for him to notify the court in writing if his address changed. But Movant was released from the Bureau of Prisons ("BOP") on November 22, 2023, and he has not provided the court with an updated address. On January 3, 2024, the court's December 19 and 20 Orders were returned as undeliverable.

Under these circumstances, the court should exercise its discretion to dismiss under Rule 41(b), even if the one-year limitations period may prevent further litigation of the claims in Movant's Motion. *See Nottingham*, 837 F.3d at 439, 441, 443 (finding no abuse of discretion where the district court applied the higher standard of review and dismissed a *pro se* civil rights action

due to the plaintiff's intentional noncompliance with court orders); *see Bevill*, 2021 WL 4995478, at *2-3 (finding abuse of discretion where the district court dismissed a section 2255 motion without applying the higher standard of review and the government had fully briefed the section 2255 claims); *see also Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (affirming the dismissal of a deficient habeas petition with prejudice after a repeat filer failed to comply with multiple deficiency orders).

### III.    Conclusion

For the reasons stated herein, this action is **dismissed without prejudice** under Rule 41(b).

**It is so ordered** this 23rd day of January, 2024.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge